IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL DEWAYNE CONNER, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION: 24-0068-JB-MU |
| KENDRICK McNeal, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On July 2, 2025, the Magistrate Judge entered a Report and Recommendation that summary judgment be granted, in part, and dismissed, in part. *See* Doc. 53. Plaintiff Conner and Defendant Nurse Simmons have objected to the Report and Recommendation. S*ee* Docs. 54, 56. After a thorough review of the record, the Report and Recommendation is hereby **ADOPTED as MODIFIED**.

In response to the Report and Recommendation, Plaintiff objects to dismissal of his deliberate indifference to medical care claim (doc. 54 at 1-2), and Nurse Simmons objects to her continuation as a party to Plaintiff's excessive force claim (doc. 56 4-5). Pertinent here, Plaintiff asserts in his objection to the Report and Recommendation:

> Upon further review of the partial video footage submitted by defendants, Plaintiff has determined that the finger-twisting incident while restrained in the chair was committed by an officer, not Nurse Simmons. The video shows the nurse checking the handcuffs, standing between Plaintiff and the officer, and the officer grabbing Plaintiff's finger. This officer stood by as Plaintiff ate his sandwiches. This correction does not undermine the broader deliberate indifference claim but redirects the finger-twisting allegation to the correct defendant, whom Plaintiff seeks to identify through further discovery or amendment.

Doc. 54 at 2-3. Because Plaintiff acknowledges that Defendant Nurse Simmons was not

the individual responsible for "the finger-twisting incident, the Court determines that Defendant Nurse Simmons is due to be **DISMISSED** from this action, and that summary judgment should enter in her favor on all claims. To the extent that Plaintiff now argues or insinuates that following the assault, he "visibly urinated blood for at least two weeks, indicating severe internal injury, yet received inadequate medical attention, with no diagnostic follow-up for this condition" (Doc. 54 at 2; citing Doc. 51 at 5), he is attempting to raise or support a substantial claim with new allegations. This is not allowed. Asserting substantial claims, for the first time, in a response to summary judgment is simply an improper extension of the complaint, amounting to an amended complaint, and is not allowed at the summary judgment stage of the proceedings. *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1258 n. 27 (11th Cir.2012) ("It is well-settled in this circuit that a plaintiff may not amend the complaint through argument at the summary judgment phase of proceedings."). For this reason, Plaintiff's allegations will not be considered in opposition to the motion.

      The Court has considered these and Plaintiff's other objections, and after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED AS MODIFIED** as the opinion of this Court. It is **ORDERED** that:

      1.    Defendants Byrnes, Sheriff Mack, Lt. Gaull, Officer Ephraim, Officer Peoples, and the CERT team are **DISMISSED** with prejudice from this action;

3

      2.      Summary judgment is **GRANTED** in favor of Nurse Simmons as to all claims, and she is **DISMISSED** with prejudice from this action;

      3.      The claim for denial of medical care is **DISMISSED** with prejudice from this action; and

      4.      Summary judgment is **DENIED** as to Conner's excessive force claim, with leave to amend complaint to include newly discovered defendants.

      **DONE and ORDERED** this 8th day of August, 2025.

                                    /s/ JEFFREY U. BEAVERSTOCK
                                    CHIEF UNITED STATES DISTRICT JUDGE